| Case No. | **CV 17-7193-DMG (JCx)** | Date | February 2, 2018 |
|---|---|---|---|

| Title | *Daniel Adam Borsotti v. Nationstar Mortgage, LLC, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S *EX PARTE* APPLICATION TO REMAND [46]**

Now before the Court is *pro se* Plaintiff Daniel Adam Borsotti's *ex parte* application to remand this action to state court ("Application"). [Doc. # 46.] Defendant Nationstar Mortgage, LLC ("Nationstar") has filed its opposition to the Application. [Doc. # 48.]

Plaintiff originally filed suit in the Los Angeles County Superior Court. Ex. 1 to Notice of Removal ("NOR") [Doc. # 1]. Defendant Nationstar timely removed the action to this Court on the basis of diversity jurisdiction. [Doc. # 1.] Thereafter, Plaintiff filed an amended complaint, which named both Nationstar and Quality Loan Service Corporation ("QLS"), a California citizen, as defendants. [Doc. # 15.] The Court issued an order to show cause why the action should not be remanded for lack of jurisdiction in light of QLS' presence in the litigation. [Doc. # 20.] Nationstar responded to the order to show cause, moved to strike QLS from the action for improper joinder, and filed a motion to dismiss. [Doc. ## 21, 23, 26.]

On November 15, 2017, this Court struck QLS from the action due to improper joinder, and granted Nationstar's motion to dismiss for Plaintiff's failure to oppose. [Doc. # 32 ("November Order").] The November Order permitted Plaintiff to file an amended complaint. *Id.*

On November 6, 2017, Plaintiff filed a Second Amended Action ("SAC"), this time against Defendant Mr. Cooper. [Doc. # 33.] The SAC alleged that Mr. Cooper's "fictitious name is registered at [sic] Nationwide Mortgage Licensing System & Registry" and his California office is located in Sacramento, California. *Id.* at ¶ 5. In the Application now before the Court, Plaintiff states that Nationstar and Mr. Cooper are one and the same. Application at 1. Plaintiff argues that Mr. Cooper's (or Nationstar's) assertion of diversity jurisdiction is improper because a national banking association, which Plaintiff contends Mr. Cooper is, is a citizen of any state where it maintains an office for purposes of diversity jurisdiction. *Id.* at ¶ 4 (citing 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7193-DMG (JCx)** | Date | February 2, 2018 |
|---|---|---|---|
| Title | *Daniel Adam Borsotti v. Nationstar Mortgage, LLC, et al.* | Page | 2 of 2 |

U.S.C. § 1348 ("All national banking associations shall . . . be deemed citizens of the States in which they are respectively located.")).

Two considerations defeat Plaintiff's argument. First, governing authority instructs that a national banking association, or a national bank, is a citizen (for purposes of diversity jurisdiction) of the state where its main office is located, not in every state where the bank has a branch office. *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708, 715 (9th Cir. 2014). Second, Nationstar, or Mr. Cooper, is not a national bank. *See* Ex. 1 to Request for Judicial Notice ("RJN") [Doc. # 49].[1]  Thus, even if national banks were citizens of every state where they held offices, Defendant here would not be a California citizen by virtue of its having a branch office in California.

Plaintiff's *Ex Parte* Application to Remand is respectfully **DENIED**.

**IT IS SO ORDERED.**

---

[1] The Court **GRANTS** Defendant's request for judicial notice because the list of national banks chartered and regulated by the U.S. Department of Treasury, Office of the Comptroller of the Currency as of December 31, 2017 is a proper subject of judicial notice. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).